F. WILLIAM VELHAGE ET AL. APPEAL FROM SEWER COMMISSIONERS OF WEST HARTFORD.

First Judicial District, Hartford, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Special Laws of 1893, p. 138, authorizing the town of West Hartford to construct sewers at the expense of landowners specially benefited thereby, requiries the sewer commissioners to give notice of the assessment of benefits made by them, by publishing it in two Hartford daily newspapers. *Held* that if a ten days' limitation upon a landowner's right to appeal from such an assessment was to be implied from other provisions of the Act and was to begin to

run from the date of such publication, as contended by the sewer commissioners, the published notice must at least be such as to apprise him that a perfected and completed assessment had been made; and therefore a published notice which was calculated to lead him to believe that the assessment was merely preliminary or tentative, and subject to revision after hearing objections and claims of landowners interested therein, was not such a notice as the Act required in order to start the running of the ten days' limitation. In the present case the newspaper notice, after giving the amounts assessed as special benefits against the respective landowners, stated that "all persons aggrieved by any of the foregoing assessments may file their objections in writing with the board of sewer commissioners within ten days from the first day of this publication, to wit, on or before December 23d, 1904." The appellant thereupon filed written objections to his assessment and heard nothing further in regard to the matter until February 18th, 1905, when he received a bill for the amount of his original assessment. Within ten days thereafter he perfected his appeal. *Held* that the published notice was insufficient and misleading, and that his appeal was seasonably taken.

Argued January 2d—decided March 7th, 1906.

APPLICATION in the nature of an appeal from an assessment of sewer benefits made by the board of sewer commissioners of the town of West Hartford, brought to the *Hon. William S. Case*, a judge of the Superior Court, who dismissed the application upon the ground that it had not been made seasonably, from which judgment the applicants appealed. *Error and cause remanded.*

*Noble E. Pierce*, for the appellants (applicants).

*Joseph L. Barbour*, for the appellees (the Board of Sewer Commissioners).

PRENTICE, J. Chapter 113 of the Special Laws of 1893, p. 138, authorizes the selectmen of the town of West Hartford, in the absence of the appointment of other persons, to act as commissioners for the layout and construction of public sewers within the town, and to negotiate for and purchase such rights of way and outlet privileges without

the town as may be found necessary. For these purposes they are given the customary powers of taking private lands, appraising the damages resulting from such taking, and assessing the cost of layout and construction upon the owners of land specially benefited thereby. Section 3 of the Act deals with the assessment of benefits, and it is there provided that the commissioners shall give notice of their assessments by advertisement in Hartford daily newspapers. It is also provided that there shall be a right of appeal " as hereinafter provided." Section 4 takes up the subject of appraisals of damages where private lands are taken, and prescribes the mode of procedure. Among other things, it is provided that the commissioners shall "notify the owners of the land, or persons interested therein, of such layout and of the damages allowed them therefor respectively." This notice, it is provided, may be given to nonresidents by mail, and in case owners or persons interested, or their residences, are unknown, notice to occupants or custodians is made sufficient. The right of appeal from the appraisals is given to those who may be dissatisfied therewith. This right must, however, be exercised "within ten days after such notice is given." The method of procedure upon appeal is then prescribed. This subject concluded, the section proceeds as follows : " and application similar to that provided for herein to be made by any person or persons aggrieved in the matter of assessing damages as aforesaid, may be made by any person or persons aggrieved in the matter of assessing benefits to be paid by the persons whose property may be benefited by such sewers, and like proceedings shall be had thereon, which shall be final and conclusive upon all parties interested." This is the " hereinafter " provision referred to in § 3, and the only such provision pertinent to the present controversy.

In 1904 the selectmen, acting as commissioners under the above Act, laid out and constructed a trunk sewer, purchased from the city of Hartford the right of outlet therefor through the latter's sewer system, and made an assessment of a portion of the cost and expense thereof upon the appellants as landowners specially benefited. On December 13th adver-

tisement was made by the commissioners that they had "made the following assessments on lands and property now or lately owned by the following named parties, for the cost of procuring an outlet from the city of Hartford and also for cost of constructing public sewers." Then followed in the advertisement the names of the appellants and the amounts of the assessments appealed from, and thereupon the following concluding paragraph, to wit: "All persons aggrieved by any of the foregoing assessments may file their objections in writing with the Board of Sewer Commissioners within ten days from the first day of this publication, to wit: on or before December 23, 1904." Within said ten days the appellant F. William Velhage wrote to said commissioners a letter, which was duly received by them, objecting to said assessments, stating his reasons therefor, and asking for a hearing. To this communication no response was made, but in February the commissioners sent the appellants a bill under date of December 12th, 1904, for the amount of the assessments as advertised. This bill was received February 18th, 1905. On February 25th, 1905, appeal proceedings were perfected. A motion to dismiss them was thereupon made upon the ground that they had not been seasonably taken, in that they had not been taken within ten days after December 13th, 1904, being the day of the first advertisement as recited. This motion was granted and the appeal dismissed.

The respondents' contention rests upon three propositions: (1) that the Act in question imposes a time limitation upon the right of appeal from assessments of benefits; (2) that the period of limitation is ten days, and that it begins to run upon the giving of notice of the assessments by newspaper advertisement in the manner prescribed in § 3; and (3) that the newspaper advertisement in the present case was such an advertisement notice as is there prescribed.

With respect to the first of these propositions, it is to be noted that no time limitation upon the right of appeal from assessments of benefits is anywhere in the Act directly expressed. The respondents, however, urge that it is supplied

by and follows from the provision in § 4 for a "similar application," which we have already recited. The limitation which is thus sought to be imported into the right of appeal from assessments of benefits is, however, one which limits the appeal to " within ten days after such notice," and the " such notice " is one given otherwise than by advertisement. The respondents' contention in favor of their first proposition, therefore, involves a refutation of their second, unless it be held that the time limitation which is to be read into § 3 is one the period of which is fixed by the limitation in § 4 upon appeals from appraisals, but has a beginning not determined by the notice described in the immediate and qualifying context, but by another notice not anywhere referred to in connection with a time limitation. The difficulties attending this construction are apparent. We however have no need to deal with the dilemma, and to give a construction in these regards of the Act. We may for the purpose of this case assume, without deciding, that the respondents are correct in their assertion of their first two propositions, since they must fail upon their third.

Section 3 requires the commissioners to give notice by advertisement of all assessments made by them. If this provision is to serve the purpose claimed for it, it follows that it was made not only that those concerned might have information of assessments against them, but also that they might have such information for their guidance in their future action. The importance of the notice, therefore, lay not only in the assessment figures thereby divulged, but also in its information that by the perfection of an assessment and notice thereof the period of limitation for an appeal had begun to run.

The advertisement published in the present case was not calculated to convey the impression that the commissioners had concluded their action and made a completed assessment. On the contrary, the natural conclusion to be drawn from it was that the commissioners had made a tentative or preliminary assessment only, that they desired to have such objections and claims of parties as would aid them upon a recon-

sideration in arriving at final action, and that they would later take such action. It is said that the concluding paragraph of the advertised notice was mere surplusage and should be disregarded. Unfortunately for this claim the language of the paragraph is relevant to the subject-matter of the notice and inevitably qualifies and determines its character. If the notice was intended as one of a perfected assessment, the added words were misleading ones adapted to work deception and to lull parties into a false security and a loss of their rights. The paragraph might indeed have been omitted, and should have been, if the purpose of the notice was that now claimed for it; but it was there, and being there, its presence cannot be disregarded, and it cannot in fairness be held that the advertisement was notice to anybody that the commissioners had exercised their full jurisdiction, completed their labors, and perfected an assessment which was intended to be a finality in so far as they were concerned.

As the advertisement notice was not such an one as started the running of the period of limitation, if one there be, and no other notice prior to that resulting from the rendition of the bill appears, it follows that the appellants were not too late in taking their appeal, and that the court erred in dismissing it for that cause.

There is error, and the proceedings are remanded to be proceeded with according to law.

In this opinion the other judges concurred.